NOT DESIGNATED FOR PUBLICATION

Nos. 127,051
127,052

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIGFREDO CABRERA JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Finney District Court; KRISTI COTT, judge. Opinion filed December 27, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Sigfredo Cabrera Jr. timely appeals the district court's decision to revoke his probation and impose the underlying consecutive prison and jail terms in two cases. We granted Cabrera's request for summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond. Finding no abuse of judicial discretion within the argument Cabrera has raised in this appeal, we affirm.

In 2022 CR 46 (Case 1) and 2022 CR 197 (Case 2), Cabrera entered no-contest pleas to unlawful distribution of methamphetamine, interference with law enforcement, and battery on a law enforcement officer. As part of a plea agreement, the State

1

recommended a dispositional sentencing departure to probation. The district court imposed a controlling sentence of imprisonment in Case 1 of 136 months and in Case 2 of 130 months, to run consecutive for a total of 266 months, with 36 months of postrelease supervision. Then the district court followed the plea agreement and granted Cabrera a dispositional departure to probation for 36 months with community corrections. The court awarded a total of 194 days of jail time credit.

Probation did not go well. Approximately eight months into Cabrera's probation, the State moved to revoke probation based on an affidavit filed by Cabrera's intensive supervision officer (ISO), alleging multiple violations of the conditions of probation over the course of several months. The violations included missing scheduled appointments, continued drug use, and committing new crimes.

Cabrera originally expressed his intent to dispute the allegations, but, when the State appeared at the hearing ready to present evidence, Cabrera admitted all but one of the allegations in the ISO's affidavit. The district court accepted the admissions and found Cabrera in violation of his probation. The court revoked Cabrera's probation and ordered him to serve the underlying prison sentences. Because no transcript was available and the parties recreated the proceedings, the reasons for the district court's decision are only reflected in the journal entries. The journal entries of probation revocation indicated that the court imposed the original sentences because Cabrera had been awarded a dispositional sentencing departure and because he had committed a new crime while on probation. The court awarded Cabrera a total of 276 days of jail time credit against his controlling sentence.

ANALYSIS

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentences rests with the court's

2

discretion. A court abuses that discretion if its decision is based on an error of law or fact or is otherwise arbitrary, fanciful, or unreasonable. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Cabrera, as the party contending the court abused its discretion, bears the burden of establishing such abuse. See 315 Kan. at 328.

Cabrera eventually admitted to violating the conditions of his probation and has not identified a legal or factual error committed by the district court. He contends only that the district court acted unreasonably by revoking his probation. Cabrera, however, does not cite the circumstances that render the district court's decision unreasonable. Therefore, he does not present a persuasive argument that the district court abused its discretion.

Cabrera's ISO alleged that Cabrera began violating the conditions of his probation almost as soon as he was placed on probation. Cabrera violated his curfew without explanation; he quit his employment without consulting his probation officer; he failed to report to his drug and alcohol counseling; he continued to abuse drugs and alcohol; and he committed additional criminal offenses. Cabrera did not dispute any of the allegations, and the appellate record lacks evidence in mitigation for these violations. Under the circumstances, we are not prepared to declare the district court's decision so arbitrary, fanciful, or unreasonable that no judge in a similar position would have made a similar decision. Cabrera fails to carry his burden of establishing an abuse of discretion.

Affirmed.